# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| DAVID KEITH GREEN, | : |
| Plaintiff, | : |
| VS. | : |
| | : NO. 5:20-CV-00418-MTT-CHW |
| NURSE CHRISTY LANE, *et al.*, | : |
| Defendants. | : |

## ORDER

Presently pending before the Court are *pro se* Plaintiff David Keith Green's motions for leave to proceed *in forma pauperis* on appeal (ECF Nos. 25, 27). Plaintiff apparently seeks to appeal the Court's July 6, 2021 Order adopting the Report and Recommendation of the United States Magistrate Judge and dismissing certain of Plaintiff's claims against Defendants. *See generally* Notice of Interlocutory Appeal, July 19, 2021, ECF No. 21.

Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize an appeal of a civil action or proceeding without prepayment of fees or security therefor if the putative appellant has filed "an affidavit that includes a statement of all assets" and "state[s] the nature of the . . . appeal and [the] affiant's belief that the person is entitled to redress." If the trial court certifies in writing that the appeal is not taken in good faith, however, such appeal may not be taken *in forma pauperis*. 28 U.S.C. § 1915(a)(3). "Good faith" means that an issue exists on appeal that is not frivolous under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). "An issue is frivolous when it

appears that 'the legal theories are indisputably meritless.'" *Ghee v. Retailers Nat'l Bank*, 271 F. App'x 858, 859 (11th Cir. 2008) (per curiam) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)).

Plaintiff's motion for leave to appeal *in forma pauperis* must be denied when viewed in the light of this standard. Federal courts of appeals have jurisdiction over "final decisions of the district courts of the United States." 28 U.S.C. § 1291. It is well-established that "an order of the trial court dismissing some but not all of the parties defendant" is not a final and appealable decision within the meaning of § 1291. *McCormick v. Landrieu*, 469 F.2d 673, 673 (5th Cir. 1972) (per curiam).[1] A statutory exception to the final judgment rule, however, can be found in 28 U.S.C. § 1292(b), which provides for interlocutory appeals. "Under that provision, three things must happen in order for a court of appeals to have jurisdiction where it would not otherwise." *McFarlin v. Conseco Svcs., LLC*, 381 F.3d 1251, 1253 (11th Cir. 2004). First, the "district court must certify in writing that one of its orders 'involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Id.* (quoting § 1292(b)). Second, "[a] party must, within ten days of the district court's order, apply to the court of appeals for permission to appeal." *Id*. Finally, "the court of appeals must decide in its discretion to exercise interlocutory review." *Id.*

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

In this case, the Court's July 6, 2021 Order dismissed some, but not all, of the Defendants in this action, and the Order is therefore not a final, appealable decision for purposes of § 1291. Plaintiff has also failed to meet any of the three requirements set forth in § 1292, and he therefore cannot pursue an interlocutory appeal in this case. Because an appeal at this stage of the litigation is not appropriate, Plaintiff cannot establish that he has a non-frivolous issue for appeal. His motions to appeal *in forma pauperis* (ECF Nos. 25, 27) are accordingly **DENIED.** If Plaintiff still wishes to proceed with his appeal, he must pay the entire $505.00 appellate filing fee. Any further requests to proceed IFP on appeal should be directed, on motion, to the United States Court of Appeals for the Eleventh Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

The Court recognizes that Plaintiff may have included facts in his notice of appeal and IFP motions that are relevant to his underlying claims but were omitted from his original Complaint. Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleading "with the opposing party's written consent or the court's leave" prior to trial.[2] The Court is also directed to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). If Plaintiff wishes to amend his original Complaint to include some or all of the factual allegations he has made in his more recent filings with the Court, he may therefore file a motion for leave to amend pursuant to Federal Rule of

---

[2] Federal Rule of Civil Procedure 15(a)(1) also permits a party to "amend its pleading once as a matter of course within . . . 21 days after serving it" or within "21 days after service of a responsive pleading," but it appears that these periods for amendment have expired in this case.

3

Civil Procedure 15. Plaintiff should either set forth the substance of the proposed amendment in his motion or attach a copy of the proposed amended complaint to his motion.

**SO ORDERED**, this 10th day of August, 2021.

s/ Marc T. Treadwell
MARC T. TREADWELL
CHIEF UNITED STATES DISTRICT JUDGE
