IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **DAVID KEITH GREEN,** | : | |
| Plaintiff, | : | |
| v. | : | Case No. 5:20-cv-418-MTT-CHW |
| **Nurse CHRISTY LANE,** | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendant. | : | Before the U.S. Magistrate Judge |

**ORDER**

Before the Court is a motion to dismiss filed by Defendant Lane. (Doc. 31). Because Plaintiff David Green failed to exhaust his administrative remedies prior to commencing suit as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), it is **RECOMMENDED** that the Defendant's motion be **GRANTED**. Based upon this recommendation, and because discovery is stayed, it is further **ORDERED** that Plaintiff's discovery motions (Docs. 35, 36) are **DENIED**.

**BACKGROUND**

In November 2018, a warrant was issued for the arrest of Plaintiff David Keith Green on charges of felonious stalking. (Doc. 31-2, p. 99). *See also* (Doc. 31-2, pp. 119–20) (criminal judgment). Plaintiff commenced this Section 1983 action in October 2020, to complain of his treatment during his detention at the Washington County Jail.

On screening under 28 U.S.C. § 1915A, the Court allowed Plaintiff to proceed against Defendant Lane on a single theory of recovery. In short, Plaintiff claims that he suffers from hypertension and an enlarged heart and alleges that Defendant Lane, a prison nurse, both provided inappropriate medication and stymied Plaintiff's ability to receive proper medication. As explained in the Court's screening order, Plaintiff's complaints are sufficient to state a claim of deliberate

1

indifference to serious medical needs in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976). Without addressing the merits of Plaintiff's Eighth Amendment arguments, Defendant Lane has now filed a motion to dismiss on grounds of exhaustion. (Doc. 31).

## EXHAUSTION REQUIREMENT

The Prison Litigation Reform Act or PLRA requires prisoners to exhaust available administrative remedies before bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law. 42 U.S.C. § 1997e(a). Exhaustion in this context means proper exhaustion: prisoners must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in a federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). The exhaustion requirement is "designed to eliminate unwarranted federal-court interference with the administration of prisons" by "seek[ing] to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Turner v. Burnside*, 541 F.3d 1077, 1085 (11th Cir. 2008).

The Eleventh Circuit's *Turner* opinion establishes a two-step process for reviewing motions to dismiss based on a prisoner's failure to exhaust. A reviewing Court first:

> [L]ooks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.

Second, if the Complaint is not dismissed under step one, the Court:

> [P]roceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion …. Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies.

*Turner*, 541 F.3d at 1082–83.

2

## GRIEVANCE PROCEDURE

During the relevant period, the Washington County Jail maintained a three-step grievance procedure, only the last two steps of which were applicable to Plaintiff. At step one, any inmate complaining of a grievable issue was to lodge a verbal complaint, and the "Jail Officer receiving the complaint [was] to attempt to resolve the complaint informally." (Doc. 31-1, p. 2, ¶ C). This informal step did not apply, however, to complaints relating to "a violation of the inmate's civil rights." (*Id.*, ¶ D).

At step two, the inmate was to use "the formal grievance system" by filing "a written grievance within five days of discovery or when he reasonably should have discovered the incident" complained of. (Doc. 31-1, pp. 2–3, ¶¶ D, F). The grievance procedure further provided that "Grievance Forms may be obtained upon request from the Shift Supervisor," and that "[u]pon receipt of a grievance, the Jail Administrator is to log the complaint in the Grievance Log Book and acknowledge receipt of the grievance." (*Id.*, ¶¶ G, K). Once an inmate files a written, formal grievance, the grievance procedure contemplates that "[t]he Jail Administrator is to provide a written response to the inmate within 15 days." (*Id.*, ¶ M).

Finally, at step three and upon receipt of a grievance response, the Washington County Jail grievance procedure contemplates that an inmate may file an appeal within three calendar days by providing "written reasons on the grievance form" for the appeal and by returning the grievance form to the Jail Administrator. (Doc. 31-1, p. 3, ¶ N). The grievance procedure then contemplates a 10-day period in which the Sheriff will review the grievance, investigate if needed, and then provide a response. (*Id.*, ¶ P).

## ANALYSIS

Under step two of the *Turner* review process, a dismissal of Plaintiff's complaint is warranted for failure to exhaust administrative remedies.

3

In his standard form complaint, in response to a prompt inquiring about the exhaustion of administrative remedies, Plaintiff informed the Court that he did not exhaust because the Washington County Jail did not maintain a grievance procedure. (Compl., Doc. 1, p. 3). More recently, in his response to the Defendant's motion to dismiss, Plaintiff has alleged that he was unable to exhaust because he "asked for grievances but never received any." (Resp. to Mot. to Dismiss, Doc. 33, p. 1). The Court must accept Plaintiff's threadbare allegations as true under *Turner*'s first step of review. Because Plaintiff's allegations suggest that the grievance process was not available to him, *see Ross v. Blake*, 578 U.S. 632, 638 (2016) ("a prisoner need exhaust only 'available' administrative remedies"), a dismissal is not appropriate at *Turner* step one.

A dismissal is appropriate, however, under *Turner*'s second step of review. Plaintiff's allegations regarding the unavailability of the Washington County Jail grievance system are not credible for two reasons. First, Plaintiff's changed account — first, that the jail had no grievance system, then that Plaintiff was refused grievance forms — detracts from his credibility. Second, the Defendant has submitted evidence of a prior, written grievance (Grievance No. 7689) that Plaintiff submitted while he was previously housed at the Washington County Jail. *See* (Doc. 31-2, p. 68). This evidence strongly indicates both that the Washington County Jail maintains a grievance process and that this grievance process was known to and available to Plaintiff, had he wished to employ it to grieve about his medical condition.

As the Defendant notes, the record supports the conclusion that Plaintiff simply failed to file and to pursue a written grievance regarding his medical care at the Washington County Jail. Accordingly, and because the PLRA's exhaustion requirement is mandatory, meaning that Courts lack discretion to waive the exhaustion requirement, *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998), this Section 1983 action must be dismissed for failure to exhaust.

**CONCLUSION**

Because Plaintiff failed to exhaust his administrative remedies prior to filing suit, it is **RECOMMENDED** that the Court **GRANT** Defendant Lane's motion to dismiss. (Doc. 31). Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the presiding District Judge **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection is limited in length to **TWENTY (20) PAGES.** *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 5th day of April, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge