IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAVID KEITH GREEN, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:20-CV-418 (MTT) |
| Nurse CHRISTY LANE, | ) |
| Defendant. | ) |

## ORDER

Pursuant to 28 U.S.C. § 1915A(a) and § 1915(e), United States Magistrate Judge Charles H. Weigle has conducted a screening of Defendant Christy Lane's to dismiss Doc. 31.  The Magistrate Judge recommends that the motion to dismiss be granted.  Doc. 37.  Plaintiff David Keith Green has objected, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews de novo the portions of the Recommendation to which Green objects.[1]  Doc. 38.

Green appears to argue that he "has made it clear" that the administrative procedure is unavailable because he asked for grievances and did not receive them—however, Green's arguments are difficult to discern, as his objections mostly consist of general statements regarding exhaustion and unavailability, apparently taken from cases and pieced together, rather than any factual descriptions of his attempts to exhaust the grievance process or other arguments specific to his case.  *Id.*  But as

---

[1] Green's objections are titled as an "appeal on the magistrate on order to dismiss," but they have been construed as objections, as the Recommendation is not appealable.

stated in the Recommendation, Green has not made it clear that the administrative procedure was unavailable.

The Magistrate Judge recommended the motion to dismiss be granted after applying the two-step analysis provided by *Turner v. Burnside*. 541 F.3d 1077, 1085 (11th Cir. 2008). After accepting Green's allegations as true as required by the first step under *Turner*, the Magistrate Judge determined that Green's allegations were not credible during the second step under *Turner* for two reasons: (1) Green's conflicting statements about the existence of a grievance process, and (2) the evidence submitted by Lane that Green had filed a grievance at the jail once before during a prior incarceration. Doc. 37 at 4. Accordingly, the Magistrate Judge concluded that there was strong evidence that Washington County Jail maintains a grievance process, the grievance process was known to Green, and he could have used it had he wished. *Id.* Green's objections do not substantively address these findings.

Green's statements regarding the grievance procedure have been conflicting throughout his case. In Green's complaint, he checked the box indicating that his institution did not have a grievance procedure and provided an additional write-in statement indicating that he was unaware of a grievance procedure.[2] Doc. 1 at 3. Yet in Green's response to the motion to dismiss, he states that he "asked for grievances but never received any." Doc. 33 at 1. Both of these statements differ from what Green

---

[2] On his complaint form, Green checked no to two consecutive questions: (1) "Does this institution have a grievance procedure?" and (2) "Did you present your complaint(s) herein to the institution as a grievance?" Doc. 1 at 3. In response to the next question, which asked him to explain why he did not present his complaint to his institution as a grievance, Green stated: "Not that I was aware of." *Id.* As written, this answer seems to best correspond to the first question of whether the institution had a grievance procedure. However, even if this interpretation is incorrect, Green's initial response that his institution did not have a grievance procedure still contradicts his later contention that he was denied grievances. Additionally, information about the denials of grievances should have been included in his complaint to explain why he did not present his complaints to his institution as a grievance.

stated in his objection, that "plaintiff ask [sic] and wrote letters for his grievances that he had filed." Doc. 38 at 1-2. Green also contends in his response to the motion to dismiss that he "has evidence he is going to present at trial but did not want to [until] then to show how corrupt the Washing[ton] County Jail is." Doc. 33 at 1. But the "evidence" that Green presented alongside his response did not show that he had actually been denied grievances. Instead, the documents make references to grievances vaguely or indicate that officers directed Green to the proper person to ask for a grievance in compliance with prison policies.[3] Docs. 33-2; 33-4 at 1; 33-5; 33-6; *see also* Doc. 31-1 at 2-3 (describing the grievance process at Washington County Jail). Moreover, the accuracy and truthfulness of these statements is called into question by the previously discussed discrepancies in Green's statements. Finally, Green had an opportunity to explain these statements more fully in both his response to the motion to dismiss and in his objections here, and he failed to do so.

Given the inconsistencies in Green's statements regarding the availability of the grievance procedure, his past grievance, and his failure to substantively rebut the Magistrate Judge's findings on either of these issues in his objections, the Magistrate Judge's analysis was proper under *Turner*.

---

[3] Green's references to grievances in these documents consist of unclear notes. One simply states "ask for grievance." *See* Docs. 33-5. It is not clear if this is a note Green made to himself as a reminder to ask or how the matter proceeded. Once, Green wrote that he "told [someone he] wanted a grievance." Doc. 33-4. Finally, there is one statement by Green with an ambiguous meaning—"at 7:15 gave me a Tylenol Wilcox at Wilcox for grievance she said they are no good." Doc. 33-6. As an initial matter, it is unclear in the last statement whether "she said they are no good" refers to the medicine Green received or the grievance—and it does not state that Green even requested a grievance. Moreover, under the grievance policy at Washington County Jail, there are several ways in which prisoner complaints can be resolved without resulting in a grievance form. For example, there are issues that are not appropriate for grievances because they are matters the jail cannot control, like probation decisions, sentences, and loss of mail. Doc 31-1 at 1. Additionally, officers are permitted to attempt to resolve complaints informally as an initial step of the process. *Id.* at 2.

-4-

Therefore, after review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation (Doc. 31) is **ADOPTED** and made the Order of the Court.  Accordingly, Lane's motion to dismiss is **GRANTED**.

**SO ORDERED**, this 25th day of July, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
